NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Kit B. LEE,

     Plaintiff,

v.

SUNRISE SENIOR LIVING, INC.,

     Defendants.

Civ. No. 09-5720

OPINION & ORDER

THOMPSON, U.S.D.J.

     This matter comes before the Court upon two submissions: Plaintiff Kit Lee's Letter [docket # 63] requesting that the Court vacate certain orders of the Magistrate Judge and Plaintiff's Letter [65] objecting to the Magistrate Judge's dismissal of Plaintiff's motion for summary judgment. The Court has decided the matter upon consideration of the parties' written submissions, without holding oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons given below, both requests are denied, and the Magistrate Judge's orders are affirmed in all respects.

### BACKGROUND

     Plaintiff is a Chinese woman who claims she was wrongfully discharged on account of her national origin by the Defendant, Sunrise Senior Living, Inc., an assisted living home.[1] Plaintiff's Complaint alleges that, in April 2008, a new supervisor, "Lampe," began working in Plaintiff's department. Within a month of being hired, Lampe transferred one Chinese woman to another department because she spoke poor English. Next, Lampe cut Plaintiff's service hours. Plaintiff complained to Lampe that service cuts should be made by seniority, not national origin.

---

[1] All facts are taken from the Plaintiff's Complaint [1].

Less than three weeks later, Plaintiff was written up for failing to sign a Code of Business Conduct. Plaintiff then complained to Lampe's supervisor. According to Plaintiff, Lampe retaliated by transferring Plaintiff to another department and filled her position with a Hispanic person.[2] At her new department, Plaintiff was issued a warning after some of the other employees complained about her. She claims that her new supervisor, Kristen Casullo, and Lampe were complicit in issuing the warning. Plaintiff requested a transfer to a third department, which was rejected, as was her subsequent request to be transferred back to her old department. Two months later, on September 26, 2008, Plaintiff's employment was terminated, allegedly for insubordination and severe misconduct, including workplace violence and threats. She claims that the purported justification for her firing was pretextual and that it has prevented her from finding other suitable employment.

Plaintiff brought suit on November 9, 2009, alleging defamation as well as unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

## ANALYSIS

A. Legal Standard

There are two letter requests before us. One is addressed to the Clerk of the Court, titled "Hardball litigation tactics – A Threat The (sic) Integrity of The Court System," requesting that the Clerk vacate certain letter orders of the Magistrate Judge [63]. The second is captioned as an "Objection to Dismiss the Motion of Summary Judgment" [65]. Despite the captions, we believe that both requests are best read as appeals to the District Judge of various orders issued by Magistrate Judge Bongiovanni.

---

[2] Plaintiff was originally a Care Manager in the "Assisted Living" department, where the residents are all capable of living independently. Plaintiff and the other Chinese woman, Su Deng, were transferred to the "Reminiscence" department for residents suffering from Alzheimer diseases.

A magistrate judge's determination of a non-dispositive matter will be overturned only when the ruling was "clearly erroneous or contrary to law." L. Civ. R. 72.1(c)(1)(A). A ruling is contrary to law "if the magistrate judge has misinterpreted or misapplied applicable law," whereas a finding is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

B.  Plaintiff's Discovery-related Complaints

In her letter to the clerk, Plaintiff claims that two of the Magistrate Judge's orders are contrary to law: an Order setting a discovery schedule [58], and an Order denying Plaintiff's Motion to Quash [47]. We treat each separately.

Our understanding of Plaintiff's letter is that her objection is not to the discovery schedule itself. Rather, Plaintiff alleges that Defendants have not produced all of the requested documents and are otherwise hindering discovery. Federal Rule of Civil Procedure 37 governs motions to compel disclosure and motions for sanctions. If Plaintiff believes that her opponents are not complying with the discovery schedule or other discovery orders, then Plaintiff should file a motion in compliance with Rule 37. But a request that the Clerk of the Court vacate the Court's discovery orders is not the proper avenue for relief. As a result, Plaintiff's request is denied.

C.  Magistrate Judge's Denial of Plaintiff's Motion to Quash

This appeal stems from the Magistrate Judge's Order that Plaintiff must submit to a deposition [47]. In her original motion to quash the deposition, Plaintiff had objected to being deposed on the grounds that a deposition would be "unnecessary and superfluous" and would have "prejudicial effects" [44]. In denying this motion, the Magistrate Judge pointed out that the

Federal Rules of Civil Procedure specifically provide for a party to be deposed.  *See* Fed. R. Civ. P. 30, 37(d).  In fact, a party's failure to appear for a deposition can lead to sanctions, including dismissal of the case.  Fed. R. Civ. P. 37(d).  We have considered Plaintiff's arguments that her deposition is unnecessary or would cause her undue burden.  We find them without merit, and the Magistrate Judge was correct to dismiss them.

    D.  <u>Magistrate Judge's Dismissal of Plaintiff's Summary Judgment Motion</u>

        Plaintiff filed a Motion for Summary Judgment on November 15, 2010 [56].  The Defendants requested that her motion be dismissed as premature because discovery had not yet completed, and specifically, Plaintiff had not yet been deposed.  The Magistrate Judge granted Defendants' request, terminating Plaintiff's motion without prejudice and granting her leave to renew her motion once discovery was completed [64].  Plaintiff now objects to that order.  She claims that the Defendants' request was for an illegitimate purpose and that no more discovery is needed to adjudicate her motion.  (*See* Pl's Objection to Dismissal 5) [65-1].  Having considered Plaintiff's arguments, we find that the Magistrate Judge was correct to dismiss Plaintiff's summary judgment motion.  We note that Plaintiff can renew her motion when discovery closes on February 1, 2011, and we find that any prejudice that the Plaintiff will suffer as a result of this brief delay is greatly outweighed by the prejudice Defendants would suffer having to oppose the motion without Plaintiff's deposition testimony.  Accordingly, Plaintiff's request is denied.

<u>CONCLUSION</u>

For the foregoing reasons, IT IS, this 21st day of December, 2010,

ORDERED that Plaintiff's Letter Request [docket # 63] is DENIED; and it is further

ORDERED that Plaintiff's Letter Request [65] is DENIED; and it is further

ORDERED that the Magistrate Judge's Order [58] setting a discovery schedule is AFFIRMED; and it is further

ORDERED that the Magistrate Judge's Order [47] requiring Plaintiff to submit to a deposition is AFFIRMED; and it is further

ORDERED that the Magistrate Judge's Order [64] dismissing Plaintiff's summary judgment motion is AFFIRMED.


*/s/ Anne E. Thompson*       

ANNE E. THOMPSON, U.S.D.J.